UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-02161-SSS-SHKx | Date | January 7, 2025 |
|---|---|---|---|
| Title | *WF Buildings, Ltd. v. Stephen Smith* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING DEFENDANT STEPHEN SMITH'S MOTION TO DISMISS CASE [Dkt. 15]**

Before the Court is Defendant Stephen Smith's ("Defendant") Motion to Dismiss Case (the "Motion") filed on December 2, 2024. [Dkt. 15].

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. The conference must occur at least 7 days before the filing of the motion. *Id.* If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date. *Id.* Further, the Civil Standing Order issued to the parties in this case instructs the parties that Counsel must include the following statement in their notice of motion: "names of the counselor's present at the conference…how long the conference lasted, and the manner in which the conference was held, what issues were discussed, and what issues the parties were unable to resolve." [Dkt. 8].

Defendants' motion fails to comply with the meet-and-confer requirements under the Civil Standing Order cited above. Defendant includes the required

statement under Local Rule 7-3 in their Notice of Motion but does not include the "names of the counselor's present at the conference…how long the conference lasted, and the manner in which the conference was held, what issues were discussed, and what issues the parties were unable to resolve."  [Dkt. 15 at 3].  As such, Defendant's Motion fails to satisfy the meet and confer requirements of the Court's Civil Standing Order.

Accordingly, Defendant's Motion is **DENIED**.  [Dkt. 15].

**IT IS SO ORDERED.**