NESS PLLC
Eliyahu Ness (Bar No. 311054)
12100 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
Tel: (213) 294-4322
Fax: (213) 294-4322
eness@nesslegal.com

Attorneys for Defendant
STEPHEN SMITH

# UNITED STATES DISTRICT COURT
## CENTRAL DSTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| WF BUILDINGS, LTD.,<br><br>    *Plaintiff*,<br><br>v.<br><br>STEPHEN SMITH,<br><br>    *Defendant*. | CASE NO: 5:24-cv-02161-SSS-SHK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hrg. Date: Mar. 7, 2025<br>Hrg. Time: 2:00 p.m.<br>Judge:   Hon. Sunshine S. Sykes |

TO THE COURT, PLAINTIFF AND ITS ATTORNEY OF RECORD:

  PLEASE TAKE NOTICE that on March 7, 2025, at the United States District Court located at 3470 Twelfth Street, Riverside, California 92501-3801, Courtroom 2, 2nd Floor, before the Honorable Sunshine S. Sykes, presiding, with appearance to be made by Zoom pursuant to the Court's Procedures, Defendant Stephen Smith will, and hereby does, move the Court for an order dismissing Plaintiff's First Amended Complaint (Dkt. 18) (the "FAC") pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

  This motion is made on the following grounds, more fully set forth in the accompanying memorandum of points and authorities.

First, Count I of the FAC purporting to be brought under Section 25401 of the California Corporations Code fails as a matter of law because a cause of action under that provision requires strict privity of contract between the plaintiff and defendant. Here, there is no privity, Defendant is not the actual seller of the securities at issue, and the contract for the sale of securities at issues is between Plaintiff and non-party StoryFile, Inc., as demonstrated by the exhibits properly considered on this motion to dismiss.

Second, Count II of the Complaint for negligent misrepresentation must be dismissed because (i) Plaintiff has not alleged any actionable, positive assertions by Defendant (omissions and implied assertions are not actionable); (ii) none of the alleged representations in the FAC are false as demonstrated by Plaintiff's own exhibits attached to the FAC; (iii) Plaintiff's failure to request financial information, while representing to the actual seller of the securities (StoryFile, Inc.) that it did consider and was satisfied with all financial information, demonstrates that there was no omission and no "justifiable reliance;" and (iv) Plaintiff fails to allege any misrepresentation or omission with particularity.

This motion is based on this Notice of Motion and Motion to Dismiss, Exhibit 1 hereto, the supporting Declaration of Stephen Smith and Exhibits A and B thereto, any papers filed in reply, and any other materials or argument the Court may receive from Defendant at or before the hearing on this motion.

Dated: February 5, 2025

Respectfully submitted,

*/s/ Eliyahu Ness*
NESS PLLC
Eliyahu Ness (SBN 311054)
eness@nesslegal.com
12100 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
Tel: (213) 294-4322
Fax: (213) 294-4322

# CERTIFICATE OF CONFERENCE

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 21, 2024, and continued in subsequent conferences on November 22, 2024, December 5, 2024, and January 2 2025.

On November 21, 2024, I conferred telephonically with Plaintiff's counsel, Joshua Kons to discuss Defendant's concerns with Plaintiff's original complaint, namely, that the statutory fraud claim failed because of lack of privity, and that the negligent misrepresentation claim failed because none of the representations alleged are in any way false, and any purported omissions cannot sustain a negligent misrepresentation claim. The call lasted for 29 minutes. We discussed these issues at length, and after our call I sent Mr. Kons legal authorities supporting my points. We had a subsequent call the next day to discuss these issues again. That call lasted 24 minutes. On that call Mr. Kons confirmed that Plaintiff would not withdraw his claims and told me that I should go ahead and file the motion.

After filing the first motion to dismiss, Mr. Kons informed me on or around December 5, 2024, that rather than responding to the first motion to dismiss, Plaintiff would file an amended complaint. Mr. Kons informed me that Plaintiff would be adding new allegations of "positive assertions" supposedly made by Defendant and, acknowledging the privity issue with the statutory fraud claim, that Plaintiff would somehow correct that problem as well.

After considering the changes in the FAC, filed on December 22, 2024, on January 2, 2025, I spoke with Mr. Kons on the phone for approximately 15 minutes, and expressed my opinion that the changes had no impact on the legal issues we had previously discussed exhaustively. Mr. Kons acknowledged that he expected a second motion would be needed to resolve the legal issues that we continued to disagree on, which are all nontrivial, dispositive issues. Since I and Mr. Kons have fully exhausted our discussion of the legal issues and have a full

understanding of each other's positions, and our positions are irreconcilable, further discussions would be futile and the Court's ruling is needed. I respectfully submit that the foregoing satisfies the meet and confer requirements of Local Rules 7-3 and Section VII(A) of the Court's Standing Order.

Dated: February 5, 2025         *s/ Eliyahu Ness*
                                Eliyahu Ness

# CERTIFICATE OF SERVICE

On January 5, 2025, I served the foregoing Notice of Motion and Motion to Dismiss First Amended Complaint on all counsel of record by filing it using the Court's CM/ECF system.

Dated: February 5, 2025

*s/ Eliyahu Ness*
Eliyahu Ness